**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRUCE TONEY,

    Petitioner,

v.                                              Case No. 10-CV-12102

BLAINE LAFLER,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING MOTION TO EXCEED PAGE LIMIT AS MOOT, AND DENYING A CERTIFICATE OF APPEALABILITY**

Michigan prisoner Bruce Toney has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a), which were imposed following a jury trial in the Wayne County Circuit Court in 2006. Petitioner was sentenced to concurrent terms of 10 to 25 years imprisonment and six to 15 years imprisonment on those convictions. In his pleadings, he raises claims concerning the effectiveness of trial and appellate counsel and the use of perjured testimony. For the reasons stated herein, the court concludes that Petitioner has not properly exhausted his state court remedies and dismisses without prejudice the petition for a writ of habeas corpus. The court also denies a certificate of appealability.[1]

---

[1] Petitioner has also filed a motion to exceed the page limitation for filing motions and briefs. *See* E.D. Mich. LR 7.1(d)(3)(A). However, neither Rule 2 of the Rules Governing § 2254 Cases nor the Local Rules for this court contain page limits for a habeas petition.

1

## I. BACKGROUND

Petitioner's convictions arise from the sexual assault of an 11-year-old girl in Wayne County, Michigan in March 2006. The Michigan Court of Appeals described the relevant facts as follows:

> The complaining witness, who was 11 years old at the time of trial, testified that, on one occasion in March 2006, defendant touched her on her "boobs" and "private spot," elaborating that by private spot she meant "vagina." The witness elaborated that defendant put his hand "down" her shirt and touched her "boobs," and persisted over her protestations. She further elaborated that defendant put his hand inside her panties and touched the "inside" of her "private spot," causing her discomfort. Complainant stated that defendant asked if she could keep a secret, and proposed that the matter be kept between them.
>
> Complainant further testified that several days later defendant kissed her on her lips, and grabbed her hand and put it on his "P-e-n-i-s," spelling the word because she was too inhibited to say it. The witness elaborated that this took place over defendant's clothing, and answered in the affirmative when asked if she felt something where he had placed her hand.

*People v. Toney*, No. 274752, 2008 WL 4683965, at *1 (Mich. Ct. App. Oct. 23, 2008) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that trial counsel was ineffective for failing to object to certain aspects of the jury instructions and to the trial court's answer to a jury question. The Michigan Court of Appeals affirmed Petitioner's convictions. *Id.* Petitioner then filed an application for leave to appeal with the Michigan Supreme Court,

---

Consequently, Petitioner does not need permission to file a habeas petition and supporting brief in excess of 20 pages. The court will therefore deny his motion as moot. *See Williams-El v. Bouchard*, No. 05-CV-70616-DT, 2008 WL 660015, at *1 (E.D. Mich. Mar. 10, 2008).

which was denied in a standard order. *People v. Toney*, 483 Mich. 915, 762 N.W.2d 497 (Mar. 23, 2009).

Petitioner states that he filed a motion for relief from judgment with the state trial court on or about July 1, 2009, which was denied on January 8, 2010. Petitioner does not specify what issues he raised in that motion. He also does not indicate that he pursued an appeal of the trial court's decision.

Petitioner dated his federal habeas petition on May 20, 2010. He raises claims concerning the effectiveness of trial and appellate counsel and the use of perjured testimony in his pleadings.

## II. DISCUSSION

### A. Exhaustion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all available state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must first present each issue he seeks to raise on habeas review to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each

3

issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. Assuming that he raised his ineffective assistance of appellate counsel and perjured testimony claims in his motion for relief from judgment, the record reveals that he has not presented those claims to the Michigan appellate courts.[2] Petitioner has thus failed to properly exhaust at least two of his habeas claims in the state courts before seeking federal habeas relief.[3]

Generally, a federal district court must dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the

---

[2]Even if Petitioner raised the issues before the Michigan Supreme Court on direct appeal, his presentation of the claims to that court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989).

[3]To the extent that Petitioner raises ineffective assistance of trial counsel claims on habeas review which differ from those raised on direct appeal of his convictions, he has also failed to fully exhaust such claims.

unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity, see Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987); see also 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

A federal district court also has discretion to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. See Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." Id. at 277.

Petitioner has available state court remedies which must be exhausted before proceeding in federal court, e.g., he may appeal the trial court's denial of his motion for relief from judgment in the Michigan appellate courts. He has one year from the date of the trial court's decision to do so. See Mich. Ct. R. 6.509, Mich. Ct. R. 7.205(F)(3).

Additionally, the one-year statute of limitations, see 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal. See Bronaugh v. Ohio, 235 F.3d 280, 285 (6th Cir. 2000). The Michigan Supreme Court denied leave to appeal on March 23, 2009. Thus, the one-year period began to run 90 days later, on June 21, 2009, and ran for nine days until Petitioner filed his motion for relief from judgment in the trial court on July 1, 2009.

5

The one-year period was then tolled until January 8, 2010 while the motion remained pending in the trial court. Petitioner dated the instant petition on May 20, 2010. At that point, only an additional 131 days of the one-year period had run. Although the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the court, *see, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The one-year period will also be tolled during the time in which any properly filed state post-conviction or collateral action is pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that approximately 225 days (more than seven months) of the one-year limitations period remains, Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so.[4] A stay is unnecessary.

Although there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has not shown good cause for failing to fully exhaust his claims in the state courts, *e.g.*, by appealing the denial of his motion for relief for judgment, before proceeding in federal court on habeas review. His unexhausted claims concern federal issues and do not appear to be plainly meritless. Those claims should therefore be

---

[4]In fact, should Petitioner timely appeal the trial court's denial of his motion for relief from judgment with the Michigan Court of Appeals, the interim time between the trial court's decision and the filing of the appeal will be tolled and not count as expired days of the one-year period. *See Carey*, 536 U.S. at 219-20. Under this scenario, Petitioner will have nearly one year to seek habeas relief after completing the state court process.

addressed to, and considered by, the state courts in the first instance. Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. See 28 U.S.C. § 2254(d). The state courts must first be given the opportunity to rule upon all of Petitioner's claims. Otherwise, the court is unable to apply the standard found at 28 U.S.C. § 2254.

### B. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the court concludes that reasonable jurists could not debate whether the court was correct in its procedural ruling. Accordingly, the court denies a certificate of appealability.

### III. CONCLUSION

For the reasons stated, the court concludes that Petitioner has failed to fully exhaust state court remedies as to his habeas claims and that he has available

7

remedies which must be completed in the state courts before seeking federal habeas relief.

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE. Should Petitioner wish to delete the unexhausted claims and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed only on the exhausted claims, on or before **July 22, 2010**. The court makes no determination as to the merits of his claims.

IT IS FURTHER ORDERED that Petitioner's "Motion to Exceed 25-page Limit" [Dkt. # 3] is DENIED AS MOOT.

The court DENIES a certificate of appealability.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: June 18, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 18, 2010, by electronic and/or ordinary mail.

          s/Lisa G. Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522